IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CV-10-FL
No. 5:18-CV-15-FL

| | |
|---|---|
| GARY W. HOLDEN, individually and on behalf of all others similarly situated, ) ) ) ) Plaintiffs, ) ) v. ) ) ) TRIANGLE CAPITAL CORPORATION, ) E. ASHTON POOLE, STEVEN C. LILLY, ) and GARLAND S. TUCKER, III, ) ) Defendants. ) ) ──────────────────────────────────── ) ELIAS DAGHER, individually and on ) behalf of all others similarly situated, ) ) Plaintiffs, ) ) v. ) ) ) TRIANGLE CAPITAL CORPORATION, ) E. ASHTON POOLE, STEVEN C. LILLY, ) and GARLAND S. TUCKER, III, ) ) Defendants. ) | ORDER |

This consolidated action comes now before the court on motions maintained by four groups of putative class members seeking to be named as lead plaintiff. Movants include: 1) Geraldine Checkman ("Checkman") (DE 27)[1]; 2) Yun Cheng, Steven Lynn Koeppel, Susan Marie Koeppel,

---

[1] Unless otherwise noted, docket entry numbers refer to filings made in case number 5:18-CV-10-FL, the first case referenced above.

and Chi Wai Leung (collectively, "Triangle Investor Group") (DE 29); 3) LifeWise Family Financial Security, Inc. ("LifeWise") (DE 34)[2]; and 4) Julie Serrano ("Serrano") (DE 37).[3] In this posture, the issues raised are ripe for adjudication. For the following reasons, the court allows LifeWise's motion to be appointed as lead plaintiff and its selection of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as lead counsel and Whitfield Bryson & Mason LLP ("Whitfield Bryson") as local counsel.

## STATEMENT OF THE CASE

On November 21, 2017, Elias Dagher filed in the Southern District of New York the first of two putative class action securities litigation against Triangle Capital Corporation ("Triangle"), a Raleigh, North Carlina based private equity firm, and various officers of Triangle (collectively, "defendants"). Seven days later, Gary W. Holden followed suit. On January 12, 2018, the cases were transferred to this court, with Holden v. Triangle Capital Corp., 5:18-CV-10-FL being entered first.

Plaintiffs allege that defendants have violated Section 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5, concerning Triangle's securities traded on the New York Stock Exchange under the symbol "TCAP." It is asserted that defendants knowingly or recklessly made material false statements, misrepresentations, and omissions about the financial success of Triangle while adopting

---

[2] LifeWise additionally filed a motion to be appointed as lead plaintiff and for approval of lead counsel in case number 5:18-CV-15-FL. (DE39).

[3] Each motion included request for consolidation of the above-captioned cases. Consolidation was ordered by the court March 5, 2018.

2

improper underwriting practices, and in doing so artificially inflated stock prices. The proposed class consists of all those who purchased or acquired Triangle's securities between May 7, 2014 and November 1, 2017 and incurred losses when Triangle announced that it had included misstatements in its financial reports.

On January 24, 2018, defendants filed an unopposed motion for extension of time to file answer to complaint, which the court granted on January 26, 2018, directing that defendants shall answer or otherwise respond to the complaint within 21 days of the court's appointment of a lead plaintiff and counsel. As noted, on March 5, 2018, the court entered an order consolidating case numbers 5:18-CV-10-FL and 5:18-CV-15-FL.

## DISCUSSION

A.  Standard of Review

The PSLRA directs district courts to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of [the] class members." 15 U.S.C. § 78u-4(a)(3)(B).

As a threshold matter, in order to be considered for lead plaintiff status, each proposed lead plaintiff must, within 60 days of published notice of the pendency of the action, move to be appointed lead plaintiff. 15 U.S.C. § 78u–4(a)(3)(A). Each prospective plaintiff must provide a sworn certification representing that he or she has read the complaint, did not purchase the security at the direction of counsel or in order to participate in any private action, and is willing to serve as a representative party. Id. § 78u–4(a)(2)(A)(i)–(iii). The sworn certification must set forth "all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint." Id. § 78u–4(a)(2)(A)(iv).

3

If the threshold requirements are met, presumptively the most adequate plaintiff is the "person or group of persons" who (i) "has either filed the complaint or made a motion in response to [notice given]," 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa), (ii) "has the largest financial interest in the relief sought by the class," 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) and (iii) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure," 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). This presumption may be rebutted by evidence that the presumptively "most adequate plaintiff" (i) "will not fairly and adequately protect the interests of the class" or (ii) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). "Although the court should conduct a preliminary inquiry on the Rule 23 requirements, a wide-ranging analysis is not appropriate at this early stage and should be left for consideration when the court determines whether to certify the class." 5-23 Moore's Federal Practice - Civil § 23.191 (2018).

While not formally withdrawing her motion, Checkman acknowledges in subsequent briefing that she does not possess the "largest financial interest in the relief sought by the class," as required by the PSLRA. Checkman states that if the court were "to determine that the other lead plaintiff movants with losses larger than Movant's are incapable or inadequate to represent the class in this litigation, Movant remains willing and able to serve as lead plaintiff or as class representative." (DE 60 at 2). Of the three remaining movants, LifeWise, a single institutional investor, has an asserted financial interest in the outcome of the litigation in the amount of $743,372.48. Triangle Investor Group, composed of a married couple together with two other individuals, has an asserted financial interest of $322,297.58, less than half that amount. Serrano, an individual, has an asserted financial interest of significantly less, $165,318.00.

B.	Analysis

First, regarding the threshold requirements, there is no dispute that the three contending movants, LifeWise, Triangle Investor Group, and Serrano, have brought their motions within the appropriate time limit and included the requisite certifications. There is additionally no dispute that LifeWise has the largest financial interest, which raises a rebuttable presumption in favor of LifeWise serving as lead plaintiff, that, as stated above, can be overcome with "evidence . . . that the presumptively most adequate plaintiff will not fairly represent the class or is subject to unique defenses. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The only dispute among the parties is whether LifeWise is subject to unique defenses and therefore should not serve as lead plaintiff. The only evidence offered by Triangle Investor Group and Serrano to support their contentions that LifeWise should not serve as lead plaintiff is that LifeWise's "registered principals," father and son Henry Salzhauer and Michael Salzhauer (collectively, "Salzhauers"), were found in 2001 by the Securities and Exchange Commission ("SEC") to be in violation of the same securities fraud provisions at issue in the instant action. (DE 58 at 9, DE 56 at 7-8). As a result of this finding, "Henry and Michael Salzhauer consented to the entry of the cease and desist orders, and agreed to disgorge $1,207,019, and pay prejudgment interest of $312,425[.]" Id. (citing Charges Henry Salzhauer, Michael Salzhauer & Vito Valentini with Fraud in Connection with Bank Conversions Sec. & Exch. Comm'n v. Vito Valentini, 01 Civ.7295 (Ng)(E.D.N.Y.) in the Matter of Henry Salzhauer & Michael Salzhauer, Litigation Release No. 17215 (Oct. 31, 2001)).[4]

---

[4] Triangle Investor Group additionally offers evidence that LifeWise's general counsel is Blair Axel, the son-in-law of Henry Salzhauer and the brother-in-law of Michael Salzhauer, arguing that "this raises serious concerns whether he would be able to exercise any control over the litigation not only because of the ownership and control structure of LifeWise, but also because of these familial relationships." (DE 56 at 9).

LifeWise argues in response that "the attacking movants make one argument: that a settled SEC administrative proceeding nearly two decades ago that did not involve, let alone mention, either LifeWise or its general counsel, nevertheless proves that LifeWise (and Mr. Axel) are inadequate and atypical and thereby unable to serve as a fiduciary on behalf of the class." (DE 64 at 5).

The court finds that the evidence submitted by Triangle Investor Group and Serrano is inadequate to rebut the presumption in favor of LifeWise serving as lead plaintiff. While the court does not minimize the seriousness of Salzhauers' violations, the court is mindful that the events in question took place roughly two decades ago; the result was a consent entry of a cease and desist order and agreement to pay; the SEC litigation in no way implicates LifeWise's general counsel, notwithstanding any family ties, or the business LifeWise; and the present situation is significantly different than those found in the authority cited to by Triangle Investor Group and Serrano in support of their contentions. See, e.g., In re Surebeam Corp. Sec. Litig., No. 03 CV 1721JM(POR), 2004 WL 5159061, at *7 (S.D. Cal. Jan. 5, 2004) (rejected presumptive lead plaintiff's principle representative was subject to over sixty complaints to securities regulators); Newman v. Eagle Bldg. Techs., 209 F.R.D. 499, 504 (S.D. Fla. 2002) (rejected presumptive lead plaintiff's group member publicly cited as violating SEC rules twice, six years earlier, losing supervisory license); Zemel Family Tr. v. Philips Int'l Realty Corp., 205 F.R.D. 434, 437 (S.D.N.Y. 2002) (rejected presumptive lead's trustee lied as to whether he was also a partner of entities that had been subject to SEC sanctions three years prior); Weisman v. Darneille, 78 F.R.D. 669, 670–71 (S.D.N.Y. 1978) (rejected lead plaintiff was convicted felon who lied and evaded during deposition as to previous litigation involvements, including SEC litigation, and was unfamiliar with the pending suit).

Although the Fourth Circuit has not addressed this issue, the court finds instructive the

Second Circuit's recognition that "[w]hile it is settled that the mere existence of individualized factual questions with respect to the class representative's claim will not bar class certification, class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." Baffa v. Donaldson, 222 F.3d 52, 59 (2d Cir.2000) (quoting Gary Plastic Packaging Corp. v. Merrill Lynch, 903 F.2d 176, 180 (2d Cir.1990)). Serrano and Triangle Investor Group have failed to demonstrate how the SEC violations at issue here will become a major focus of the litigation.

The court also has considered LifeWise's selection of Wolf Haldenstein as lead counsel and Whitfield Bryson as local counsel. The court has reviewed the firm profile, including the summary of the firm's experience. Based on the information presented, the court is satisfied that Wolf Haldenstein has extensive experience representing institutional investors in securities actions and extensive class action experience. In addition, the court is satisfied with and approves the choice of Whitfield Bryson to serve as LifeWise's local counsel.

Having now decided issues bearing on lead plaintiff and counsel, the court turns its attention below to the case schedule.

C.  Case Management

1.  This order shall apply as specified to this consolidated action and to each case that relates to the same subject matter that is subsequently filed in this court or transferred to this court and is consolidated with the consolidated action.

2.  A master docket and master file shall be established for the above-captioned Holden case. The master file shall be case number 5:18-CV-10-FL. The clerk shall file all pleadings in the master file and note such filings on the master docket.

3. Every pleading in <u>Holden</u> and any action consolidated therewith shall bear the following caption:

| | |
|---|---|
| IN RE TRIANGLE CAPITAL CORP. SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | CONSOLIDATED CIVIL ACTION<br>Master File No. 5:18-CV-10-FL |

4. This court requires the assistance of counsel in calling to the attention of the clerk of this court the filing or transfer of any case that might properly be consolidated as part of <u>In re Triangle Capital Corp. Securities Litigation</u>, Master File No. 5:18-CV-10.

5. When a case that arises out of the subject matter of <u>In re Triangle Capital Corp. Securities Litigation</u>, Master File No. 5:18-CV-10, is hereinafter filed in this court or transferred into this court from another court, the clerk of this court shall:

    a. File a copy of this order in the separate file for such action;

    b. Mail a copy of the order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed transferred case; and

    c. Make the appropriate entry in the docket for this action.

6. Each new case arising out of the subject matter of <u>In re Triangle Capital Corp. Securities Litigation</u>, Master File No. 5:18-CV-10, that is filed in this court or transferred to this court shall be consolidated with this action and this order shall apply thereto, unless a party objecting to this order, or any provision of this order shall, within 10 days after the date upon which a copy of this order is served on counsel for such party, file an application for relief from this order or any provision herein and this court deems it appropriate to grant such application. Nothing in the

foregoing shall be construed as a waiver of defendants' right to object to the consolidation of any subsequently-filed or transferred related action.

7. The terms of this order shall not have the effect of making any person, firm, or corporation a party to any action in which he, she, or it has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure and other relevant authority.

8. Nothing in this order shall be construed as precluding or limiting defendants' rights under Federal Rule of Civil Procedure to oppose class certification on any and all grounds.

9. During the pendency of this litigation, or until further order of this court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or may lead to the discovery of information relevant to the subject matter of the pending litigation.

10. All orders, pleadings, motions, and other documents shall, when filed and docketed in the master file, be deemed filed and docketed in each individual case to the extent applicable. When an order, pleading, or other document is filed with a caption indicating that it is applicable to fewer than all of any consolidated actions, the clerk shall file such pleadings in the master file and note the filing in the master docket and in the docket of each action referenced.

11. Lead counsel shall have the following responsibilities and duties, to be carried out either personally or through other counsel designated by lead counsel:

    a. to coordinate the briefing and argument of any and all motions;

    b. to coordinate the conduct of any and all discovery proceedings;

    c. to coordinate the examination of any and all witnesses in depositions;

  d. to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

  e. to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

  f. to coordinate all settlement negotiations with counsel for defendants;

  g. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

  h. to coordinate the preparation and filings of all pleadings; and

  i. to supervise all other matters concerning the prosecution or resolution of the consolidated action.

  12. No motion, request for discovery, or other pretrial proceeding shall be initiated or filed by any plaintiff without the approval of lead counsel, so as to prevent duplicative pleadings or discovery. No settlement negotiations shall be conducted without the approval of lead counsel.

  13. Lead counsel shall have responsibility for receiving and disseminating court orders and notices.

  14. Lead counsel shall be the contact between plaintiffs' counsel and defendants' counsel, shall serve as the spokesperson for plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.  Lead counsel shall act as the liaison between the court and plaintiffs and their counsel.

  15. The following deadlines now control in the case, superseding any conflicting order(s) on scheduling of record in the case:

a. Lead counsel is directed to file and serve consolidated amended complaint by **April 10, 2018**.

b. Defendants shall file and serve their response to the consolidated amended complaint within **45 days** of service of the consolidated amended complaint.

c. If any defendant moves to dismiss the consolidated amended complaint, plaintiff shall have **45 days** from the date the motion is served to file and serve a response. The moving defendant(s) shall have **21 days** from the date plaintiffs serve their response to file and serve a reply, if any, in further support of the moving defendant(s)' respective positions.

## CONCLUSION

Based on the foregoing, LifeWise's motion to appoint as lead plaintiff and for approval of lead counsel (DE 34) is GRANTED. LifeWise's same motion pending in case number 5:18-CV-15-FL is GRANTED for reasons articulated here. The other pending motions to appoint as lead plaintiff and for approval of lead counsel are DENIED. (DE 27, DE 29, DE 37).

SO ORDERED, this the 12th day of March, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge